HOPE FIRE INSURANCE COMPANY v. CAMBRELENG *et al.*

*Mortgages — priority of.   Attorney — when the relation does not exist.*

The attorney of B who was also the attorney of S., who had the money of
both to invest, borrowed from both, giving mortgages, on certain real estate,
the mortgage to B being first executed.   The attorney who had charge of
recording the mortgages placed that given to S. first on record.   *Held,* that
in the transactions the mortgagor did not stand in the relation of attorney to
the parties, and his knowledge of the prior execution of the mortgage to B
was not notice to S. of such fact.

APPEAL by defendant, Emily Sherwood, from an order of the
special term directing the payment of surplus moneys.

The action was brought by the Hope Fire Insurance Company
against Stephen Cambreleng and others to foreclose a mortgage.

The mortgaged premises were sold under the decree for the fore-
closure of the mortgage to the plaintiff in this action which was
conceded to be the first lien.   The surplus moneys arising from the
sale were claimed by two contesting claimants each of whom claims
as mortgagee.

The mortgagor by whom all the mortgages were executed, was
Stephen Cambreleng, who was an attorney and counselor, practic-
ing and having his office in the city of New York.

In the course of his business as such attorney, Cambreleng was
intrusted by Martha C. Babcock, administratrix of John B. Arden,
deceased, with the management and investment of funds of that
estate, and by way of such investment, he, in January, 1866, exe-
cuted and duly acknowledged a bond and mortgage securing the
payment of $25,000, part of such funds.   This security was (with
the other papers of the estate) left in his possession as attorney and
agent, but was by him included and stated in his account of
investments made and rendered in January, 1868.   He did not
place the mortgage on record, and it was not in fact, until March,
1872, when upon the compelled deposit by him of securities of this
estate, the non-record of it was discovered by the parties in interest.
Semi-annual payments of interest were indorsed by him on the
bond on each 16th day of June and December down to and includ-
ing June 16, 1871.   No other payment of interest and no payment
of principal has been made, and Cambreleng was largely a defaulter
to the estate.

After the death of the administratrix mortgagee, the claimant Henry C. Babcock, succeeded her in the administration, and became the holder of the mortgage, and by virtue thereof he claims the surplus moneys.

The other claimant is Mrs. Emily Sherwood who also holds a mortgage (the third in time of execution) upon the same premises executed to her by the same mortgagor in June, 1869 (the year following the execution of the mortgage to Mrs. Babcock), to secure $6,000 and interest. By the testimony of Mrs. Sherwood it appears that the mortgagor, Cambreleng, had, from time to time, acted as her attorney; that in January, 1869, upon satisfaction of a mortgage held by her the $6,000 was, by her direction, paid to Cambreleng as her solicitor or attorney, with a view to its re-investment; that as such re-investment it was with her consent and for her benefit, and by him as her attorney, secured by mortgage executed by himself upon lots in Harlem, which mortgage, after he had prepared, signed and acknowledged it, and caused it to be recorded, he sent to her; that in June, 1869, this mortgage was canceled, and as a substitute or second re-investment of the money he, in like manner, as her attorney, with her consent and for her benefit, secured the defendant by the mortgage in question, which, after he had prepared, signed and acknowledged it and caused it to be recorded, he in like manner sent to her.

The court, at special term, decided the Babcock mortgage to be the prior lien and entitled to the surplus, and the claimant, Mrs. Sherwood, appeals from this decision and order.

*Henry Nicoll,* for appellant, Emily Sherwood.

*C. A. Hand,* for respondent, Henry C. Babcock, administrator, etc.

BARNARD, P. J. Mrs. Sherwood's mortgage was first recorded, and by the record she is entitled to the surplus moneys in question. Henry C. Babcock's administrator claims to be entitled to the surplus, notwithstanding the recording act, for the reason that Mr. Cambreleng was the attorney both of Mrs. Babcock and Mrs. Sherwood; that in 1868 he executed a mortgage to Mrs. Babcock which was not recorded; that in 1869 he executed another mortgage to Mrs. Sherwood which he did record, and that because he was the attorney of Mrs. Sherwood, she is to be held to have known what he knew.

The principle is well settled, that a party is chargeable with the knowledge which an agent or attorney acquires in the course of the agency ; but the difficulty in applying that principle to the present case is that Cambreleng was not Mrs. Sherwood's attorney. He was, himself, the principal in the transaction of the loan as between himself and Mrs. Sherwood. As principal he drew up and executed, recorded and delivered the mortgage to Mrs. Sherwood.

If it be the rule of the English court of chancery, that knowledge by a solicitor is knowledge by the client when the solicitor is himself the borrower of the money, it has never, so far as I have been able to discover, been adopted in this State.

Its adoption would place an attorney in two opposite relations at the same time — as solicitor, with a duty to protect his client, and as a borrower of his client's money, interested in not telling the client any thing which will injure his chances of getting the money.

I think the order at special term should be reversed, with costs, and the report of the referee affirmed without costs.

*Ordered accordingly.*